**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCELLA DAVIS, *for E.G., a Disabled Minor*<br><br>Plaintiff<br><br>v.<br><br>EVERGREEN PARK SCHOOL DISTRICT 231<br><br>Defendant | Case No. 26-cv-05005<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marcella Davis, sued Defendant, Evergreen Park School District ("the District") on behalf of her minor nephew, E.G. [1] at ¶¶ 22-23. In her complaint, Davis alleges that the District incorrectly determined that she and E.G. were not residents of Evergreen Park, Illinois. *Id.* at ¶¶ 30-31. Davis further alleges that the District targeted E.G. for a residency investigation and ultimately expelled him because of his race and disability. *Id.* at ¶¶ 39, 41, 45. Davis brings this motion for preliminary injunction to require the District to re-enroll E.G. in its schools. [14]. For the reasons stated herein, Davis' motion is denied.

## I. Background

E.G. is a high school student who attended Evergreen Park High School ("EPHS") during the 2025-2026 school year. [1] at ¶¶ 22, 24. E.G. is presently being raised by his aunt, Marcella Davis. *Id.* at ¶ 22. On or about February 13, 2026, E.G. was expelled from EPHS, where, after a residency hearing, the District determined that

he was not a resident of Evergreen Park. *Id.* at ¶ 28. Neither Davis nor counsel for Davis were present at the residency hearing on January 14, 2026, but Davis argues that "nonetheless [she] provided the school district with sufficient information to prove that she [and E.G.] resided in Evergreen Park." *Id.* at ¶¶ 29-30. Davis argues the District "should have determined that [she] was a resident and that [E.G.] resided with her." *Id.* at ¶ 31. Davis acknowledges that she did not appeal the District's determination that E.G. was not an Evergreen Park resident. *Id.* at ¶ 14.

Davis filed a complaint in April seeking E.G's reinstatement at EPHS, compensatory education and damages, and attorneys fees. [1] at ¶¶ 36-45. The complaint raises four claims: (1) a violation of the Individuals with Disabilities Education Act ("IDEA"), where the District expelled E.G. without providing proper procedural safeguards; (2) a violation of Section 504 of the Rehabilitation Act, where the District discriminated against E.G. on this basis of his autism diagnosis; (3) a violation of Title VI of the Civil Rights Act, where the District discriminated against E.G. on the basis of his race; and (4) a violation of Section 1983 of Title 42 of the United States Code, where the District has "a policy of investigating the students of color to reduce the number of minority students." *Id.* at ¶¶ 36-45.

The District filed an answer which raises two affirmative defenses. [7] at 13. First, the District argues that all four counts in the complaint are barred by the doctrine of *res judicata*, where Davis filed a motion for temporary restraining order in state court which "ar[o]se from the same single group of operative facts, namely, the residency determination of the Board with respect to [E.G.] and Ms. Davis." *Id.* at 13. Second,

the District argues that Davis' claims under the IDEA and Section 504 of the Rehabilitation Act are barred where Davis failed to exhaust her administrative remedies by failing to appeal the residency determination. *Id.* The District also counter sued Davis under Section 10-20.12(a)(a)-(b) of the Illinois School Code which allows the District to charge Davis tuition for the 2025-2026 school year where E.G. was determined to be a non-resident of the District. [7] at 20-21. The District seeks $12,230.25 plus interest and costs. *Id.*

Davis filed an answer to the District's counterclaim. [10]. In it, she acknowledges having notice of the residency hearing and sending emails to the District regarding exhibits she planned to introduce at the hearing. [10] at ¶15. Davis also acknowledges informing the District that her attorney would be attending the hearing. *Id.* Davis alleges she asked the District to continue the hearing "because there was a snow storm and [she did] not want to trigger her fragile health" while she was battling cancer. *Id.* at ¶ 16. The hearing was held in her absence. *Id.* Davis acknowledges that she received a report from the residency hearing officer and emailed her objections to the report to the District's superintendent. *Id.* at ¶¶ 25-26. Davis again acknowledges that she did not appeal the residency determination, but explained that she was unable to do so because she was undergoing cancer treatment. *Id.* at ¶ 32. Counsel for Davis was also unable to appeal the residency determination due to illness. *Id.* Davis attached several documents, including photos of her driver's license, an electric bill, and banking statements, which list her address as 2949 W 87th Street, Evergreen Park, IL. [10] at 32, 57, 59.

Plaintiff brings this motion for preliminary injunction which asks this Court to order the District to allow E.G. to re-enroll at EPHS and to defer the tuition payments the District demanded from Davis. [14] at ¶ 30. The District opposes Davis' motion. [20]. For the reasons stated herein, Davis' motion is denied.

## II. Standard

"A preliminary injunction is an extraordinary remedy." *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. Of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017); s*ee also Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) ("a preliminary injunction is an exercise of a very far-reaching power, never to be indulged [ ] except in a case clearly demanding it.") (cleaned up).

The party seeking a preliminary injunction must make an initial showing that: (1) it has some likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; and (3) traditional legal remedies would be inadequate. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079 (7th Cir. 2008). Demonstrating a likelihood of success is "a significant burden," though "at such a preliminary stage, the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) (noting that the "better than negligible" standard has been retired). Nevertheless, "although the party seeking the injunction need not demonstrate likelihood of success by a preponderance of the evidence, that party must nevertheless make a 'strong' showing." *Bevis v. City of Naperville, Illinois*, 85 F.4th 1175, 1188 (7th Cir. 2023) (quoting *Illinois Republican Party*, 973 F.3d at 763). If the moving party

fails to demonstrate "any one of these three threshold requirements, [the court] must deny the injunction." *Girl Scouts of Manitou,* 549 F.3d at 1086.

If the moving party makes the initial showing, the court then balances the irreparable harm that the moving party would endure without a preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief. *Id.* "This Circuit employs a sliding scale approach for this balance: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). Finally, the court asks "whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018). "Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted." *Id.*

## III. Analysis

Davis has failed to make an initial threshold showing that she has a likelihood of succeeding on the merits and that she or E.G. will suffer irreparable harm if her request for a preliminary injunction is not granted. As a result, the Court need not engage in a balancing of the harms or address whether an injunction would be in the public interest.

### A. Likelihood of Success on the Merits

To prevail on a motion for preliminary injunction, a plaintiff must show that it has a "strong" chance of success on the merits of at least one of its claims. *Illinois Republican Party*, 973 F.3d at 763. Here, Davis raises an IDEA claim and three independent claims of discrimination—under § 504 of the Rehabilitation Act, Title VI of the Civil Rights Act, and § 1983. [1] at ¶¶ 36-45. She has not made the requisite showing of success on the merits on any of these claims.

First, Davis has not demonstrated that the District ran afoul of the IDEA when it determined that E.G. was not a resident of Evergreen Park. Davis, in her complaint, alleges the District did not comply with the "stay-put" provision of the IDEA. The stay-put provision provides that "during the pendency of any proceedings conducted pursuant to this section . . . the child shall remain in the then-current educational placement of the child." 20 U.S.C. §1415(j). However, school district proceedings to determine a student's residency arise under Section 10-20.12b of the Illinois School Code, not the IDEA. Davis has provided no citation—in her complaint, answer, or motion for preliminary injunction—that suggests the procedural protections set forth in the IDEA, including the stay-put provision, prevents a school district from conducting a residency investigation or determining that a student is not a resident of the district. *But see Herbert v. St. James Parish School Board*, 177 F.4th 630, (2026) (school board had no obligation under IDEA to provide free appropriate public education (FAPE) to student whose parent maintained legal residence in another district). Davis has not shown that she has a strong chance of succeeding on her IDEA claim.

Davis also fails to show a strong likelihood of success on the merits of her discrimination claims. To make out a claim of discrimination under § 504 of the Rehabilitation Act, "a plaintiff must show: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability." *Novak v. Board of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015). To state a claim under Title VI, a plaintiff must allege: (1) that they have been intentionally discriminated against on the basis of their race, and (2) that defendant receives federal financial assistance. *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 720 (N.D. Ill. 2015). Finally, to state a claim "under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that (1) he is otherwise similarly situated to members of the unprotected class; (2) he was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent." *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). A plaintiff stating a claim against a school district or other municipal entity via § 1983 for violation of the Equal Protection Clause "must show that the harassment was the result of municipal custom, policy, or practice." *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 257-58 (2009) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 358, 694 (1978)).

Davis' complaint alleges that the District "discriminated against [E.G.] on the basis of disability by failing to provide reasonable accommodations for his diagnosis of [a]utism," and "discriminated against [E.G.] on the basis of his race, resulting in

disparate treatment and impact." [1] at ¶¶ 39, 41. Davis further alleges the District has "a policy of investigating [the residency of] the students of color to reduce the number of minority students" and "has a history of disproportionately expelling Black students and students with disabilities." *Id.* at ¶¶ 33, 45. Beyond these allegations, the complaint contains no facts to support Davis' claims of discrimination. The complaint alleges that the District targeted E.G. for a residency investigation and eventual expulsion because of his disability and his race. Without more, Davis has not shown a strong chance of success in demonstrating that the residency determination was motivated by E.G.'s race or disability, that the District intentionally discriminated against E.G. on the basis of his race, or that the District has a policy or practice of discriminating against other similarly situated students. For these reasons, Davis has failed to make an initial showing that she is likely to succeed on the merits of her claims.

**B. Irreparable Harm**

Additionally, Davis has failed to demonstrate that she or E.G. will suffer irreparable harm without an injunction. In her motion, Davis argues "[i]rreparable harm without injunction will happen because the special needs child has autism and needs to go to school for his education and to help with his disability." [14] at ¶ 26. However, Davis has failed to sufficiently explain why E.G. can only attend school in the District. Additionally, the fact that E.G. was expelled six months ago undermines a claim that he will suffer imminent irreparable harm without a preliminary injunction.

Davis claims that without a preliminary injunction E.G. "will not be allowed to attend school." *Id.* at 27. However, she has not sufficiently explained why E.G. will be unable to enroll in another school outside of Evergreen Park. Davis admitted in her answer to the District's counterclaim that E.G.'s mother, Jahnarri Griffin, lives in Chicago. [10] at ¶ 4. Davis has put forth no evidence that Griffin no longer has custody of E.G. As such, as E.G.'s custodial parent, Griffin could enroll E.G. in school in Chicago. *See* 105 ILCS 5/10-20.12b(a)(1)-(2)(a) ("The residence of a person who has legal custody of a pupil is deemed to be the residence of that pupil."). Based on the evidence and arguments presented at this stage, it seems that E.G. can enroll in school, just not in Evergreen Park. Accordingly, Davis has failed to demonstrate irreparable harm.

Where Davis has failed to make the initial threshold showing that she has a likelihood of succeeding on the merits and that she or E.G. will suffer irreparable harm absent a preliminary injunction, the Court need not engage in a balancing of the harms or address whether an injunction would be in the public interest. As such, Davis' motion is denied.

## IV. Conclusion

For the reasons stated herein, Plaintiff's motion for preliminary injunction [14] is denied.

E N T E R:

Dated: August 24, 2026

MARY M. ROWLAND
United States District Judge